USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 1 7 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MONTE S. LEACH,

                       Plaintiff,

       -v-

THE CITY OF NEW YORK, and SAMARITAN
VILLAGE-VAN WYCK,

                       Defendants.
------------------------------------------------------------------X

12 Civ. 2141 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Monte Leach, appearing *pro se*, brings this action, alleging that while he was a resident at the Samaritan Village-Van Wyck Treatment Center ("Samaritan Village"), in Jamaica, New York, he was subjected to sexually harassing comments and behavior by Harry Scott and Carlos Castro, two staff members of Samaritan Village. Defendant City of New York now moves to dismiss Plaintiff's complaint because, *inter alia*, it fails to state a claim for municipal liability. For the following reasons, the Court GRANTS the Defendant's motion to dismiss.

## BACKGROUND

### Facts[1]

    In March 2011, a Brooklyn Treatment Court ordered Plaintiff to attend a residential substance abuse program at Samaritan Village. (Am. Compl. at 2, 7) According to the

---

[1] The following facts are drawn from Plaintiff's Amended Complaint, (Dkt. No. 9), and, for the purpose of addressing this motion, are assumed to be true. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

1

complaint, on at least eleven occasions from April 1, 2011, through his discharge on May 27, 2011, two employees of Samaritan Village -- Harry Scott, the Assistant Director, and Carlos Castro, a counselor -- acting in "cahoots" with two residents, subjected Plaintiff to harassment in the form of sexually suggestive comments, lewd remarks, and unwanted touching, on at least eleven occasions. (Am. Compl. at 7) As a result of this harassment, Plaintiff alleges that he suffered depression, anxiety, distress, hypertension, post-traumatic stress disorder, and physical ailments. (Am. Compl. at 7, ¶ III)

**Procedural History**

On March 21, 2012, Plaintiff filed a complaint in this Court naming as Defendants the New York State Office of Alcohol and Substance Abuse Services ("OASAS"); Samaritan Village; Harry Scott, Assistant Director of Samaritan Village; and Carlos "Doe," Counselor of Samaritan Village. (Dkt. No. 2) On April 10, 2012, the Court dismissed Plaintiff's claims against OASAS, on sovereign immunity grounds, and directed Plaintiff to serve Defendants Samaritan Village and Harry Scott and to file an amended complaint once he had ascertained the identity of Carlos Doe. (Dkt. No. 6)

On May 11, 2012, Plaintiff filed an amended complaint, (Dkt. No. 9), naming as Defendants the State of New York, the City of New York, OASAS, and Samaritan Village. In his amended complaint, Plaintiff did not name Harry Scott or Carlos Doe, now identified as Carlos Castro, as Defendants. On May 24, 2013, the Court dismissed Plaintiff's claims against OASAS and the State of New York, on sovereign immunity grounds, directed service on Defendants Samaritan Village and the City of New York, and permitted Plaintiff to file a second

2

amended complaint should he wish to pursue his claims against Defendants Harry Scott and Carlos Castro. (Dkt. No. 10) Because Plaintiff did not file a second amended complaint, the only remaining Defendants in this matter are the City of New York and Samaritan Village.

On October 22, 2012, the City of New York filed this motion to dismiss.[2] (Dkt. Nos. 18, 19.) Plaintiff having failed to respond, on February 1, 2013, the Court ordered Plaintiff to submit his opposition by February 18, 2013, and noted that failure to do so would be viewed as a waiver of his right to oppose. (Dkt. No. 24) To date, Plaintiff has not filed a response.

## DISCUSSION

### Legal Standard

Defendant City of New York argues, *inter alia*, that Plaintiff's claim should be dismissed under Rule 12(b)(6), for failure to state a claim against the City, because he does not allege facts necessary to show municipal liability. Fed. R. Civ. P. 12(b)(6). Because the Court agrees with this argument, it does not address Defendant's alternate bases for dismissal.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether to dismiss a complaint for failure to state a claim, a court must

---

[2] Defendant Samaritan Village, which does not join Defendant City of New York's Motion to Dismiss, filed a timely answer to Plaintiff's Amended Complaint on November 6, 2012. (Dkt. No. 23)

"construe plaintiffs' complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor." *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009); *see also Carver v. City of N.Y.*, 621 F.3d 221, 225 (2d Cir. 2010).

Because Plaintiff is proceeding *pro se*, the Court "construe[s] his complaint liberally and interpret[s] it 'to raise the strongest arguments that [it] suggest[s]." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)) (alteration in original). However, "that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's failure to oppose Defendant's motion to dismiss does not, by itself, require dismissal of his claims. *See McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000); *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983). "[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall*, 232 F.3d at 322-23.

**Municipal Liability**

The City argues that, even assuming all facts to be true and drawing all reasonable inferences in his favor, Plaintiff's complaint does not sufficiently allege facts that would establish municipal liability. (Def's. Br. at 5-6.) "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a

denial of a constitutional right." *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007) (quotation marks omitted; alteration in original). Plaintiff's Amended Complaint contains no facts regarding an official policy or custom of the City, let alone a policy or custom that he was subjected to and that resulted in his being denied a constitutional right. Indeed, Plaintiff's Amended Complaint contains no facts, whatsoever, regarding the City, its agents, or its employees. Accordingly, Plaintiff fails to state a claim of municipal liability and his complaint against Defendant City of New York must be dismissed. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691-92 (1978); *Anthony v. City of N.Y.*, 339 F.3d 129, 139 (2d Cir. 2003).

## CONCLUSION

For the reasons set forth above, Defendant City of New York's motion to dismiss is GRANTED. Plaintiff's claims against the City of New York are dismissed. The Clerk of the Court is directed to terminate this motion.

SO ORDERED.

Dated: April ___17___, 2013
New York, New York

_____
ALISON J. NATHAN
United States District Judge

5